IN THE UNITED STATES DISTRICT COURT FILED
FOR THE DISTRICT OF NEW MEXICO

06 MAR 30 PM 2:56

CIV CLERK-ALBUQUERQUE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) CIV-06-0253 JB LAM |
| v. | )<br>) **COMPLAINT** |
| ROSWELL RADIO, INCORPORATED, | )<br>) **JURY TRIAL DEMAND** |
| Defendant. | )<br>)<br>) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Helen Bertrand who was adversely affected by such practices. As alleged with greater particularity in paragraphs 8 and 9 below, the Commission alleges that Helen Bertrand was retaliated against because she testified or participated in a proceeding protected under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3)" of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3)" ("Title VII").

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of New Mexico.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant, Roswell Radio, Inc. (the "Employer"), has continuously been a New Mexico corporation doing business in the State of New Mexico and the City of Roswell and has continuously had at least 15 employees.

5.  At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.  More than thirty days prior to the institution of this lawsuit, Helen Bertrand filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.  Charging Party Helen Bertrand was employed by Defendant Employer as a disc jockey from approximately July 22, 2002 to May 20, 2005.

8.  Since approximately February 17, 2005, when Helen Bertrand testified by deposition in a related state case pending against Roswell Radio, Inc., Defendant employer has engaged in unlawful employment practices at its Roswell, New Mexico facility in violation of Section 704(a) and Title VII, 42 U.S.C. § 2000e-3(a) by retaliating against Helen Bertrand because she testified or participated in any manner in a proceeding protected under Title VII.

9. The retaliation to which Defendant Employer subjected Helen Bertrand includes:

   A) Disparate treatment in the terms, conditions, or privileges of employment; and

   B) Discharge from employment on or about May 20, 2005.

10. The effect of the practices complained of in paragraphs 8 and 9 above has been to deprive Helen Bertrand of equal employment opportunities and otherwise adversely affect her status as an employee because of she testified or participated in any manner in a proceeding protected under Title VII..

11. The unlawful employment practices complained of in paragraphs 8 and 9 above were intentional.

12. The unlawful employment practices complained of in paragraphs 8 and 9 above were done with malice or with reckless indifference to the federally protected rights of Helen Bertrand.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in retaliation.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Helen Bertrand, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other

affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make whole Helen Bertrand by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8 and 9, including job search expenses, in amounts to be determined at trial.

E. Order Defendant Employer to make whole Helen Bertrand by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 8 and 9 above, including emotional pain, suffering, inconvenience, mental anguish, humiliation, loss of enjoyment of life, and other nonpecuniary losses, in amounts to be determined at trial.

F. Order Defendant Employer to pay Helen Bertrand punitive damages for its malicious and reckless conduct described in paragraphs 8 and 9 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY DEMAND

The Commission requests a trial by jury on all questions of fact raised by its complaint.

DATED this 30th day of March, 2006.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, NW
Washington, D.C. 20507

*/s/ Mary Jo O'Neill*

MARY JO O'NEILL
Regional Attorney

*/s/ Mary Jo O'Neill for*

SALLY SHANLEY
Acting Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Phoenix District Office
3300 North Central Avenue
Suite 690
Phoenix, Arizona 85012

*/s/ Veronica A. Molina*

VERONICA A. MOLINA
Trial Attorney

LORETTA MEDINA
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Albuquerque Area Office
505 Marquette NW, Suite 900
Albuquerque, New Mexico 87102
(505) 248-5231

Attorneys for Plaintiff