IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

vs.                                                  No. CIV-06-0253 JB/LAM

ROSWELL RADIO, INCORPORATED,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Plaintiff's Motion in Limine to Exclude All Evidence Concerning Sheryl Saavedra's E-Mail, filed February 12, 2007 (Doc. 38)("Motion to Exclude").  The primary issue is whether the Court should exclude all evidence concerning an e-mail Sheryl Saavedra, former attorney for Defendant Roswell Radio, Inc. ("RRI"), sent to the station's majority owner, John Dunn.  Because no party has demonstrated the relevance of the evidence, and both parties argue that the e-mail is not relevant, the Court will grant the motion to exclude the evidence.

**FACTUAL BACKGROUND**

RRI employed Claimant Helen Bertrand as a radio personality and disc jockey from July 22, 2002 through May 19, 2005.  See Memorandum of Law in Support of Defendant's Motion to Strike Counsel for Defendant as a Witness and Motion for Protective Order ¶ 1, at 1, filed November 13, 2006 (Doc. 23)("RRI's Motion for Protective Order").  On June 5, 2005, Bertrand filed a Charge of Discrimination with Plaintiff Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of gender and retaliatory discharge in violation of Title VII of the Civil

Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17. See RRI's Motion for Protective Order ¶ 2, at 1. In her Charge of Discrimination, Bertrand alleged that RRI terminated her in retaliation for her deposition testimony in a separate EEOC matter initiated in July 2004 involving three former female employees of RRI and that she was discriminated against on the basis of gender when a male applicant received her position. See id. ¶ 3, at 2; id. at 5.

On July 27, 2004, Ms. Saavedra sent an e-mail to Dunn regarding on-air statements Bertrand made on or about that day. See id. ¶ 5, at 2. Ms. Saavedra's law firm, Hennighausen & Olsen of Roswell, New Mexico, was general counsel to RRI at the time. See id. at 5. The communication consists of a two-line statement directing RRI to discipline Bertrand because of her statements. See id. at 2-3.

## PROCEDURAL BACKGROUND

On March 30, 2006, after investigating Bertrand's Charge of Discrimination, the EEOC brought this action on Bertrand's behalf under Title VII and Title I of the Civil Rights Act of 1991, 42 U.S.C. §§ 1981-1996b, to correct alleged unlawful employment practices on the basis of retaliation. See Complaint at 1, filed March 30, 2006 (Doc. 1)("Complaint"). Ms. Saavedra and A.J. Olsen, both of Hennighausen & Olsen, filed an entry of appearance on RRI's behalf on May 17, 2006. See Acknowledgment, Acceptance of Service and Entry of Appearance, filed May 17, 2006 (Doc. 4).

The EEOC's counsel represents that she and Mr. Olsen had previously agreed to exclude the e-mail Ms. Saavedra sent to Dunn, and any reference to the e-mail and its contents, and to remove Ms. Saavedra from EEOC's list of witnesses. See Plaintiff's Memorandum in Support of Motion in Limine to Exclude all Evidence Concerning Sheryl Saavedra's E-mail, filed February 12, 2007

(Doc. 39)("EEOC's Memorandum"), Exhibit A, Affidavit of Veronica A. Molina ¶ 3, at 1 (executed February 12, 2007)("Molina Affidavit").  On March 22, 2007, however, Hennighausen & Olsen filed its second amended motion to withdraw as counsel for RRI.  See Second Amended Motion to Withdraw, filed March 22, 2007 (Doc. 43).  The Court granted the motion to withdraw on March 30, 2007.  See Order Allowing Withdrawal of Counsel, filed March 30, 2007 (Doc. 44).  No other counsel has entered an appearance for RRI.

The EEOC represents that it attempted to confer with RRI's counsel about this matter, but received no response.  See Motion to Exclude at 1.  RRI has not filed a written response to the EEOC's motion.  On November 13, 2006, however, RRI filed a motion to strike Ms. Saavedra from EEOC's witness list and for a protective order to prevent the EEOC from deposing Ms. Saavedra regarding the e-mail to Dunn.  See Defendant's Motion to Strike Counsel for Defendant as a Witness and Motion for Protective Order, filed November 13, 2006 (Doc. 22).  In its motion, RRI argued, among other things, that evidence about the e-mail was not relevant to this case.  See RRI's Motion for Protective Order at 5.  The Court granted in part and denied in part RRI's motion for a protective order on June 12, 2007.  See Memorandum Opinion and Order, filed June 12, 2007 (Doc. 47).

The EEOC seeks a pre-trial ruling to exclude any evidence concerning the e-mail that Ms. Saavedra wrote to Dunn.  See EEOC's Memorandum at 1.  The EEOC states that it "files this motion as a protective measure concerning the parties' prior agreement."  Id.

## ANALYSIS

The EEOC filed its motion to exclude evidence related to Ms. Saavedra's e-mail to Dunn on February 12, 2007.  RRI has not filed a written response, and the time for doing so has passed. Pursuant to Local Civil Rule 7.6(a), "[a] response must be served within fourteen (14) calendar days

after service of the motion." D.N.M.L.R.-Civ. 7.6(a). In addition, Local Civil Rule 7.1(b) provides that "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.L.R.-Civ. 7.1(b).

Nevertheless, despite RRI's consent under the rule, because RRI does not currently have counsel of record, the Court has independently reviewed the contents of the motion and the circumstances of the case to determine whether it should grant the EEOC's motion. Because the Court believes that there are adequate legal grounds upon which to grant the EEOC's request, and because the EEOC's request appears to be consistent with the agreement the parties previously reached, the Court will grant the motion.

The EEOC contends that evidence concerning the e-mail is hearsay and not relevant, and that the danger of unfair prejudice substantially outweighs its probative value. See EEOC's Memorandum at 1 (citing Fed. R. Evid. 401, 402, 403, and 802). Without more information about how the parties intend to use the e-mail, the Court cannot conclusively say that it is hearsay. Ms. Saavedra was arguably an agent of RRI at the time she composed the e-mail, and EEOC perhaps could use the e-mail against RRI. There may also be other permissible purposes for which the parties might use the e-mail. Nevertheless, RRI has already filed a motion arguing that the e-mail is relevant to any issues in this case, see RRI's Motion for Protective Order at 5, and the EEOC agrees in this motion. While the Court could imagine scenarios where the evidence is circumstantial evidence of retaliation, the parties know their case much better than the Court does, and they agree the e-mail is irrelevant. Thus, under rules 401, 402, and 403, the Court will exclude all evidence about this e-mail.

**IT IS ORDERED** that the Plaintiff's Motion in Limine to Exclude All Evidence Concerning

Sheryl Saavedra's E-Mail is granted.  The Court will preclude the Defendant from introducing any documents or testimony relating to this topic.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Mary Jo O'Neill
  Regional Attorney
Sally Shanley
  Acting Supervisory Trial Attorney
Equal Employment Opportunity
  Commission
Phoenix, Arizona

-- and --

Loretta F. Medina
  Senior Trial Attorney
Veronica A. Molina
  Trial Attorney
Equal Employment Opportunity
  Commission
Albuquerque, New Mexico

  *Attorneys for the Plaintiff*

Roswell Radio, Incorporated
Roswell, New Mexico

  *Defendant Pro Se*

A.J. Olsen
Sheryl L. Saavedra
Hennighausen & Olsen, L.L.P.
Roswell, New Mexico

    *Former Attorneys for the Defendant*

A.J. Olsen
Sheryl L. Saavedra
Hennighausen & Olsen, L.L.P.
Roswell, New Mexico

    *Former Attorneys for the Defendant*