**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

vs.                                                          No. CIV-06-253 JB/LAM

ROSWELL RADIO, INCORPORATED,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Plaintiff's Motion in Limine to Exclude All Evidence Concerning Claimant's Familial Circumstances, filed February 12, 2007 (Doc. 34)("Motion to Exclude"). The primary issue is whether the Court should allow Defendant Roswell Radio, Incorporated ("RRI") to introduce evidence of with whom Claimant Helen Bertrand is living, her marital status, and her child-care situation. Because RRI did not file any written response to the motion of Plaintiff Equal Employment Opportunity Commission ("EEOC"), because the Court does not believe the potential evidence is relevant to any issues in this case, and because the potential evidence may unfairly distract from the central issues in the case, the Court will grant the motion.

**FACTUAL BACKGROUND**

RRI employed Bertrand as a radio personality and disc jockey from July 22, 2002 through May 19, 2005. See Memorandum of Law in Support of Defendant's Motion to Strike Counsel for Defendant as a Witness and Motion for Protective Order ¶ 1, at 1, filed November 13, 2006 (Doc. 23)("RRI's Motion for Protective Order"). On June 5, 2005, Bertrand filed a Charge of Discrimination with the EEOC alleging discrimination on the basis of gender and retaliatory discharge

in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17. See RRI's Motion for Protective Order ¶ 2, at 1. In her Charge of Discrimination, Bertrand alleged that RRI terminated her in retaliation for her deposition testimony in a separate EEOC matter initiated in July 2004 involving three former female employees of RRI and that she was discriminated against on the basis of gender when a male applicant received her position. See id. ¶ 3, at 2; id. at 5.

## PROCEDURAL BACKGROUND

On March 30, 2006, after investigating Bertrand's Charge of Discrimination, the EEOC brought this action on Bertrand's behalf under Title VII and Title I of the Civil Rights Act of 1991, 42 U.S.C. §§ 1981-1996b, to correct alleged unlawful employment practices on the basis of retaliation. See Complaint at 1, filed March 30, 2006 (Doc. 1)("Complaint"). Sheryl Saavedra and A.J. Olsen, both of the law firm of Hennighausen & Olsen, filed an entry of appearance on RRI's behalf on May 17, 2006. See Acknowledgment, Acceptance of Service and Entry of Appearance, filed May 17, 2006 (Doc. 4).

Neither party has named John Wilson, Bertrand's roommate and a man to whom she was not married, or any of the other individuals with whom Bertrand and Wilson lived, as potential witnesses in this case. See Plaintiff's Memorandum in Support of Motion in Limine to Exclude All Evidence Concerning Claimant's Familial Circumstances at 1, filed February 12, 2007 (Doc. 35)("EEOC's Memorandum"). In her deposition taken on November 29, 2006, Mr. Olsen asked Bertrand questions about her domestic situation. See EEOC's Memorandum, Exhibit A, Deposition of Helen Bertrand at 10-11, 14, 17 (taken November 29, 2006). At the deposition, Mr. Olsen asked Bertrand about Wilson, about Wilson's employment history, and about other individuals who lived with Bertrand and Wilson, including a woman who provided care for Bertrand's child. See id.

The EEOC moves the Court for an order excluding all evidence concerning Bertrand's domestic situation and familial circumstances as evidence at a trial, at a hearing, or on a motion. See Motion to Exclude at 1. Specifically, the EEOC seeks a pre-trial ruling to exclude any evidence concerning Bertrand's familial circumstances, including her marital status and her child care situation, and evidence concerning Wilson, who is now her fiancee. See EEOC's Memorandum at 1. RRI has not filed a written response to this motion.

The EEOC's counsel attempted to confer with opposing counsel about this matter, but received no response. On March 22, 2007, however, Hennighausen & Olsen filed its second amended motion to withdraw as counsel for RRI. See Second Amended Motion to Withdraw, filed March 22, 2007 (Doc. 43). The Court granted the motion to withdraw on March 30, 2007. See Order Allowing Withdrawal of Counsel, filed March 30, 2007 (Doc. 44). No other counsel has entered an appearance for RRI.

## LAW REGARDING RETALIATION UNDER TITLE VII

Title VII of the Civil Rights Act of 1964 prohibits an employer from taking discriminatory employment action against an employee "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Title VII also contains an anti-retaliation provision that "forbids an employer from 'discriminating against' an employee or job applicant because that individual 'opposed any practice' made unlawful by Title VII or 'made a charge, testified, assisted, or participated in' a Title VII proceeding or investigation." Burlington N. & Santa Fe Ry. Co. v. White, 126 S. Ct. 2405, 2408 (2006)(quoting 42 U.S.C. § 2000e-3(a)). Retaliatory conduct is not limited to employer actions and resulting harms that emanate from employment or the workplace; rather, conduct is actionable if it is "harmful to the point that [it] could well dissuade a reasonable

worker from making or supporting a charge of discrimination." Burlington N. & Santa Fe Ry. Co. v. White, 126 S. Ct. at 2409.

To establish a prima facie case of retaliation, a plaintiff must establish that: (i) the plaintiff was engaged in an activity that Title VII protects; (ii) the plaintiff was subsequently subjected to an adverse employment action; and (iii) a causal relationship exists between the protected activity and the adverse employment action. See Kendrick v. Penske Transp. Servs., Inc., 220 F.3d 1220, 1234 (10th Cir. 2000). As a corollary to this rule, the United States Court of Appeals for the Tenth Circuit has required plaintiffs in retaliation cases to show that the management personnel responsible for the adverse employment action had knowledge of the plaintiff's protected activities. See Williams v. Rice, 983 F.2d 177, 181 (10th Cir. 1993).

## ANALYSIS

The EEOC filed its motion to exclude evidence related to Bertrand's domestic situation on February 12, 2007. RRI has not filed a written response, and the time for doing so has passed. Pursuant to Local Civil Rule 7.6(a), "[a] response must be served within fourteen (14) calendar days after service of the motion." D.N.M.L.R.-Civ. 7.6(a). In addition, Local Civil Rule 7.1(b) provides that "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.L.R.-Civ. 7.1(b).

Nevertheless, despite RRI's consent under the rule, because RRI does not currently have counsel of record, the Court has independently reviewed the contents of the motion and the circumstances of the case to determine whether it should grant the EEOC's motion. Because the Court believes there are adequate legal grounds upon which to grant the EEOC's request, and because RRI has not explained how the evidence the EEOC seeks to exclude is relevant, the Court

will grant the motion.

The Court does not see how such evidence is relevant to the issue whether Bertrand was retaliated against. Evidence of Bertrand's domestic circumstances is not relevant to establishing any of the elements of a prima facie case of retaliation. See EEOC's Memorandum at 2. The Court finds that the only purpose for introducing such evidence is to put the victim on trial and inflame the jury, thereby unfairly prejudicing the EEOC.

The Court believes that these matters have no legitimate bearing on the issues involved in this case. Instead, they are likely to detract the jury from Bertrand's damages and may intimidate Bertrand with matters that are unrelated to her claim of retaliation. Accordingly, the Court will preclude RRI from introducing any documents or testimony relating to these topics.

**IT IS ORDERED** that the Plaintiff's Motion in Limine to Exclude All Evidence Concerning Claimant's Familial Circumstances is granted.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Mary Jo O'Neill
  Regional Attorney
Sally Shanley
  Acting Supervisory Trial Attorney
Equal Employment Opportunity
  Commission
Phoenix, Arizona

-- and --

Loretta F. Medina
  Senior Trial Attorney
Veronica A. Molina
  Trial Attorney
Equal Employment Opportunity
  Commission
Albuquerque, New Mexico

>   *Attorneys for the Plaintiff*

Roswell Radio, Incorporated
Roswell, New Mexico

>   *Defendant Pro Se*

A.J. Olsen
Sheryl L. Saavedra
Hennighausen & Olsen, L.L.P.
Roswell, New Mexico

>   *Former Attorneys for the Defendant*