# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

vs.                                          No. CIV 06-0253 JB/LAM

ROSWELL RADIO, INCORPORATED,

        Defendant.

## MEMORANDUM OPINION[1]

**THIS MATTER** comes before the Court on the Plaintiff Equal Employment Opportunity Commission's Motion for Default, filed July 27, 2007 (Doc. 55). The Court held a hearing on this motion on September 14, 2007. The primary issue is whether the Court should enter default against Defendant Roswell Radio, Inc. because Roswell Radio has refused to comply with D.N.M. LR-Civ. 83.7, which requires a corporation to be represented by an attorney authorized to practice in federal court. Because the Court believes that Roswell Radio has been given adequate notice of its need for an attorney, and because the Court has provided Roswell Radio with numerous opportunities to obtain an attorney, the Court will grant the motion for default. Because a default judgment is a drastic remedy, and because the Court is reluctant to not resolve the case on the merits, the Court grants the motion with the understanding that, if Roswell Radio retains an attorney before the trial date, the Court will seriously and carefully consider setting aside the default judgment and

---

[1]On September 18, 2007, the Court issued an order granting the Plaintiff's Motion for Default. In footnote 1 of the Court's order, the Court indicated that it would, at a later date, issue an opinion fully detailing its rationale for its decision. This opinion is intended to fully explain the Court's prior decision.

proceeding with a trial, at some date, on the merits.

## ALLEGATIONS IN THE COMPLAINT

Roswell Radio is a New Mexico corporation.  See Plaintiff's Complaint ¶ 4, at 2, filed March 30, 2006 (Doc. 1)("Complaint").  At all relevant times, Roswell Radio has continuously been a New Mexico corporation doing business in the State of New Mexico, and specifically in the City of Roswell.  See id.  Roswell Radio has also continuously had at least fifteen employees and, at all relevant times, has been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).  See Complaint ¶¶ 4, 5, at 2.

Roswell Radio employed Helen Bertrand as a disc jockey from approximately July 22, 2002 to May 20, 2005.  See id. ¶ 7, at 2.  Bertrand testified by deposition in a related state case pending against Roswell Radio on approximately February 17, 2005.   See id. ¶ 8, at 2.  The EEOC alleges that, since that deposition, Roswell Radio has engaged in unlawful employment practices at its Roswell facility in violation of Section 704(a) and Title VII, 42 U.S.C. § 2000c-3(a), by retaliating against Bertrand because she testified or participated in a proceeding protected under Title VII.  See Complaint ¶ 8, at 2.   The alleged retaliation to which Bertrand was subject includes (i) disparate treatment in the terms, conditions, or privileges of employment; and (ii) discharge from employment on or about May 20, 2005.  See id. ¶ 9, at 3.  More than thirty days before the EEOC filed this lawsuit, Bertrand filed a charge with the EEOC alleging violations of Title VII by her employer Roswell Radio.  See id. ¶ 6, at 2.

## PROCEDURAL BACKGROUND

On March 30, 2006, the EEOC filed a Complaint against Roswell Radio alleging violations

of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991.  See Complaint ¶ 8, at 1.  On May 17, 2006, Roswell Radio's counsel entered its appearance.  See Entry of Appearance, filed May 17, 2006 (Doc. 4).  Roswell Radio filed an Answer to the Complaint that same day.  See Answer, filed May 17, 2006 (Doc. 5).  On July 21, 2006, the Court held a rule 16 scheduling conference, and, subsequently, the parties conducted discovery.  See Docs. 7, 8, 16-21, 27, and 30.

Roswell Radio's counsel subsequently filed two motions to withdraw, see Motion to Withdraw, filed February 9, 2007 (Doc. 33);  Amended Motion to Withdraw, filed March 14, 2007 (Doc. 40), but the Court did not enter the proposed orders that its counsel submitted because the motions failed to comply with the local rules' requirements, see D.N.M.LR-Civ 83.8(c).  Both motions failed to comply with District of New Mexico Local Rule 83.8(c), which requires the withdrawing attorney to give notice, in his motion to withdraw, that a corporation can appear only with an attorney, and absent entry of appearance by a new attorney, any filings made by the party may be stricken and default judgment or other sanctions imposed.  See id.  Neither the First Motion to Withdraw nor the First Amended Motion to Withdraw contained language acknowledging that Roswell Radio had been given the proper notice.  See Motion to Withdraw, filed February 9, 2007 (Doc. 33);  Amended Motion to Withdraw, filed March 14, 2007 (Doc. 40).  Accordingly, the Court found both motions to be insufficient.

On March 22, 2007, Roswell Radio's attorney filed a Second Amended Motion to Withdraw. See Doc. 43.  Roswell Radio consented to its counsel's withdrawal as attorney of record.  See Second Amended Motion to Withdraw ¶ 3, at 1.  In the motion, Roswell Radio's counsel represented that they had advised Roswell Radio of its need to obtain substitute counsel for the corporation.  See

id. ¶ 4, at 1.  Specifically, Roswell Radio's counsel represented that "[c]ounsel has given notice to corporation that it can only appear with an attorney.  Counsel has further advised Defendant that absent an entry of appearance by a new or substitute attorney, any filings made by the Defendants may be stricken and default judgment or other sanctions may be imposed." Id.

On March 30, 2007, the Court granted the Second Amended Motion to Withdraw that Roswell Radio's attorney filed.  See Doc. 44.  The Court found that Roswell Radio had been given notice that it can appear only with an attorney.  See id. ¶ 4, at 1.  The Court further found that, absent an entry of appearance by a new or substitute attorney, the Court might strike any filings that Roswell Radio made, and that the Court might enter default judgment or impose other sanctions. See id.

On May 4, 2007, the Court entered an order vacating and rescheduling several court dates: (i) a motion hearing; (ii) the pretrial conference; (iii) the date for jury selection/jury trial; and (iv) the deadlines for the pretrial order.  See Minute Order (Doc. 45).  The Court further ordered the parties to prepare and submit to the Court a pretrial order.  See id.

In preparation for trial, the EEOC filed three motions in limine.  See Motion in Limine Regarding Familial Circumstances, filed February 12, 2007 (Doc. 34); Motion in Limine Regarding Collateral Source Income, filed February 12, 2007 (Doc. 36); Motion in Limine Regarding Saavedra E-mail, filed February 12, 2007 (Doc. 38).  Roswell Radio did not file responses to the any of the EEOC's motions in limine.  Accordingly, on June 12, 2007, the Court granted the EEOC's motions in limine.  See Memorandum Opinions and Order, filed June 12, 2007 (Doc. 48); Memorandum Opinion and Order, filed June 12, 2007 (Doc. 49); Memorandum Opinion and Order, filed June 12, 2007 (Doc. 50).

-4-

On June 14, 2007, the EEOC provided its draft of the Pretrial Order to Roswell Radio.  See Affidavit of Veronica A. Molina in Support of Plaintiff's Motion for Default Judgment ¶ 3, at 1 (executed June 14, 2007)("Molina Affidavit").  On June 21, 2007, the date that the court set for the pretrial conference, the EEOC appeared in person, but no one appeared for Roswell Radio.  See Transcript of Hearing at 2:1-7 (taken June 21, 2007)(Court & Dunn)("Tr.").[2]   The Court telephonically contacted Roswell Radio's president and Chief Executive Officer, John Dunn, who confirmed that the corporation had not retained counsel to represent it.  See id. at 2:5-7 (Dunn).  The Court alerted Dunn to the rule prohibiting corporations from appearing pro se and instructed Dunn that Roswell Radio must retain counsel.  See id. at 2:15-25, 3:1-8 (Court).  Dunn made it clear that Roswell Radio had not retained counsel: "I would be happy to have an attorney, except I just flat don't have the money."  Tr. at 3:7-21 (Dunn).

 In response to the Court's inquiry, the EEOC stated that the "EEOC is prepared to go today, but the defendant's portions of the pretrial order have not . . . been submitted to the Court. . . . So I think it makes more sense to wait until closer to trial to see if there is counsel. . . ."  Id. at 6:15-23 (Molina).  The Court, therefore, did not hold the Pretrial Conference, but rescheduled it for September 18, 2007.  See id. at 12:20-22 (Court).

Also at the June 21, 2007 hearing, the EEOC moved orally for default judgment.  The Court expressed its reluctance to grant an oral motion for default, especially given that Roswell Radio did not presently have counsel.  See id. at 7:4-10 (Court).  The Court alerted Dunn, however, that the corporation's attorney would have to prepare a response to any formal motion for default before the

---

[2]The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

Court would consider the motion opposed.  See id.

On July 18, 2007, the EEOC provided another copy of its draft of the Pretrial Order to Roswell Radio.  See Molina Aff. ¶ 5, at 2.  The EEOC also provided Roswell Radio with a copy of D.N.M.LR-Civ. 83.7.  See Molina Aff. ¶ 5, at 2.   Roswell Radio did not respond to the EEOC's draft of the Pretrial Order and did not retain counsel.

On July 27, 2007, the EEOC filed a written motion for a default judgment on liability.  See Motion for Default Judgment, filed July 27, 2007 (Doc. 55).  The EEOC moves the Court, pursuant to rule 55 of the Federal Rules of Civil Procedure, for judgment by default on liability against Roswell Radio.  The EEOC requests that the Court set a time for trial to determine damages.  At that trial, the EEOC will present evidence for the jury to determine the amount and categories of damages to be awarded to Bertrand.

On September 4, 2007, the Court set a hearing on the EEOC's motion for September 14, 2007.  See Doc 57.  The Court mailed a copy of the notice of hearing to "Roswell Radio, Incorporated, PO Box 670, Roswell, NM 88202-0670."  Roswell Radio did not respond in writing to the motion, through counsel or otherwise.

At the hearing on September 14, 2007, no one appeared for Roswell Radio.  See Tr. at 2:22-25, 3:1-16 (Court).  Again, the Court got Dunn on the telephone.  See Tr. at 2:14-18 (Court).  Again, the Court warned Dunn that the corporation had to retain counsel.  See Tr. at 2:22-25, 3:1-8 (Court).  Dunn made it clear that Roswell Radio would not be retaining counsel and would not be doing anything to defend itself in the proceeding.  See Tr. at 3:9-16 (Dunn).  Dunn stated " I can't  fight the faults or technicalities.  I don't know how.  I can't afford an attorney. . . and I can't even afford to defend myself in court, so I just -- I can't play."  See id. at 3:11-16 (Dunn).

-6-

At the rescheduled pretrial conference on September 18, 2007, Roswell Radio again did not appear, either by counsel or through Dunn, in person or by telephone.  See Tr. at 2:4-9 (Court).  Again, the Court had its Courtroom Deputy Clerk get Dunn on the telephone.  See Tr. at 2:14-24 (Court & Dunn).  Dunn confirmed that he was not a lawyer or an attorney licensed in any state, including New Mexico.  See Tr. at 3:11-17 (Court & Dunn).  Moreover, Dunn advised the Court that the corporation has nine current employees and was continuing to operate four radio stations on the air.  See Tr. at 3:23-25, 4:1-6 (Dunn).   He also stated that he has one sales person, and employs an accountant to take care of the corporation's taxes.  See Tr. at 4:9-13 (Dunn).

## RELEVANT LOCAL RULES

The United States Court of Appeals for the Tenth Circuit has approved the local rules at issue and has indicated that they have the force of law.  Moreover, the local rules requiring a corporation to be represented by counsel reflect a longstanding federal-court principle.  By its president's representations to the Court, and by its intentional disregard of the local rule, Roswell Radio has indicated that it will not comply with the rule in the future and will not defend itself, through an attorney, in future proceedings.

### 1.      The Tenth Circuit's Approval of Local Rules

The Tenth Circuit Court has approved the District of New Mexico Local Rules.  The local rules relevant to this lawsuit are D.N.M.LR-Civ 7.1(b), 7.6(a), 83.7, and 83.8(c).  Local Rules 7.6(a) and 83.8 were amended and approved by the Tenth Circuit in their amended form on August 24, 2007, and became effective March 5, 2007.[3]  The Tenth Circuit also approved the  prior versions of

---

[3]See Minutes of the Judicial Counsel of the Tenth Circuit, issued April 24, 2007 (stating that, "[o]n April 24, 2007, The Judicial Counsel Rules Committee approved changes to the following Local Civil Rules for the United States District Court of the District of New Mexico as submitted

these rules.  The current versions of Local rules 7.1(b) and 83.7 were approved by the Tenth Circuit

on August 24, 2006 and became effective April 10, 2006.[4]   The Tenth Circuit also approved the

prior versions of these rules.  The Tenth Circuit, therefore, approved all the relevant local rules, that

were, at all relevant times, in effect during this lawsuit.

According to the Tenth Circuit, the Court's local rules have the force of law.  See Smith v.

Ford Motor Co., 626 F.2d 784, 796 (10th Cir. 1980)(quoting Woods Constr. Co. v. Atlas Chem.

Indus., Inc., 337 F.2d 888, 890 (10th Cir. 1964)).  "[L]ocal rules of practice, as adopted by the

district court, 'have the force and effect of law, and are binding upon the parties and the court which

promulgated them until they are changed in [an] appropriate manner.'" Smith v. Ford Motor Co.,

626 F.2d at 796 (quoting Woods Constr. Co. v. Atlas Chem. Indus., Inc., 337 F.2d at 890).

"[A]lthough district judges must follow local rules when adherence furthers the policies underlying

the rules, they have discretion in applying and interpreting local rules." Hernandez v. George, 793

F.2d 264, 267 (10th Cir. 1986).

### 2.    Local Rules Regarding Briefing.

District of New Mexico Local rule 7.1(b) states: "The failure of a party to file and serve a

response in opposition to a motion within the time prescribed for doing so constitutes consent to

grant the motion."  D.N.M.LR-Civ. 7.1(b).  "A response must be served and filed within fourteen

(14) calendar days after service of the motion."  D.N.M.LR-Civ. 7.6(a).  This time period may be

---

on April 15, 2007. . . Rule 83.8 (Withdrawal of Appearance)").

[4]See  Minutes of the Judicial Counsel of the Tenth Circuit, issued August 24, 2006 (stating that, "[o]n August 24, 2006, The Judicial Counsel Rules Committee approved proposed changes to the Local Civil Rules for the United States District Court of the District of New Mexico (D.N.M.LR.-Civ. 73.1) in their entirety as submitted on August 14, 2006. The effective date of the new rules remains April 10, 2006.") (signed Victoria M. Parks, Deputy Circuit Executive).

extended by agreement of all parties.  <u>See</u> Fed.R.Civ.P. 6(a),(c).  "If an extension of time is opposed, the party seeking the extension must file a separate motion within the applicable 14-day period."  <u>Id.</u>

     **3.**       **<u>D.N.M.LR-Civ. 83.7 and D.N.M.LR-Civ. 83.8(c)</u>.**

D.N.M.LR-Civ. 83.7 states: "A corporation[. . .]must be represented by an attorney authorized to practice before this Court. "  The Court has also set out sanctions for the failure to comply with this local rule.  Local rule 83.8 provides:

> (c) **Party is Corporation or Partnership.**  When the party is a corporation or partnership, the attorney must give notice in the motion to withdraw that a corporation or partnership can appear only with an attorney.  Absent entry of appearance by a new attorney, any filings made by the party may be stricken and default judgment or other sanctions imposed.

D.N.M.LR-Civ. 83.8.

In <u>ADS Financial Services, Inc. v. United States</u>, 1997 WL 382109 (D.N.M. April 17, 1997), the Honorable C. Leroy Hansen, United States District Judge, had ordered the plaintiff corporation, ADS Financial Services, to "obtain substitute counsel in this matter pursuant to Section 83.8(c) of the Local Civil Rules of the United States District Court, District of New Mexico."  1997 WL 382109, *1.  ADS failed to comply with that order.  <u>See id.</u>  The Court again ordered ADS to comply with the Court's original order, and to obtain substitute counsel within fifteen days or face dismissal of this action.  <u>See id.</u>  No substitute counsel entered an appearance on ADS' behalf.  <u>See id.</u>  The Court noted that it "has the inherent power to impose a variety of sanctions on litigants in order to regulate its docket, [and] promote judicial efficiency. . ."  <u>Id.</u> (citing <u>Martinez v. Internal Revenue Serv.</u>, 744 F.2d 71, 73 (10th Cir. 1984)).  Judge Hansen stated that he would not consider the request made by the ADS President to stay its Order, because it was "merely an attempt to get around the

requirements of Local Rules 83.7 and 83.8 and this Court's Orders." <u>ADS Fin. Servs., Inc. v. United States</u>, 1997 WL 382109, at *1.  Judge Hansen then  dismissed ADS' complaint for failure to comply with the Court's Order to obtain substitute counsel and for the inactivity in the case for several months.  <u>See</u> <u>id.</u>

Similarly, the Tenth Circuit upheld sanctions that a magistrate judge ordered against a plaintiff who violated D.N.M.LR-Civ. 83.7 in <u>Roscoe v. United States</u>, <u>see</u> 2005 WL 995733 (10th Cir. 2005).  The Tenth Circuit found that the dismissal of the plaintiff limited liability company's claim and sanctioning of Roscoe, the manager of the LLC, were appropriate.  <u>See</u> <u>id.</u> at *2.  Roscoe, as a manager of the LLC, filed a motion to waive application of  D.N.M.LR-Civ.83.7.  <u>See</u> <u>id.</u>  The magistrate judge denied Roscoe's motion and issued an order stating that  the court would only accept pleadings from a licensed attorney for the LLC.  <u>See</u> <u>id.</u>  In violation of the order, Roscoe caused additional non-counseled papers to be filed for the LLC.  <u>See</u> <u>id.</u>   The magistrate judge dismissed the LLC's claim and issued sanctions against Roscoe that the Tenth Circuit deemed appropriate. <u>See</u> <u>id.</u>

## LAW REGARDING CORPORATIONS PROCEEDING PRO SE

In addition to being a District of New Mexico Local Rule,  it has also been a long standing legal principle that a corporation must be represented by an attorney to appear in federal court.  <u>See</u> <u>Rowland v. Cal. Men's Colony</u>, 506 U.S. 194, 201-202 (1993)("It has been the law for the better part of two centuries [. . .] that a corporation may appear in the federal courts only through licensed counsel."); <u>Osborn v. Bank of the United States</u>, 22 U.S. 738, 830 (1824)("A corporation, it is true, can appear only by attorney, while a natural person may appear for himself."); <u>Harrison v. Wahatoyas, LLC</u>, 253 F.3d 552, 556 (10th Cir. 2001)("As a general matter, a corporation or other

business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se"); DeVillers v. Atlas Corp., 360 F.2d 292, 294 (10th Cir. 1966)("[A] corporation can appear in a court of record only by an attorney at law."); Flora Constr. Co. v. Fireman's Fund Ins. Co., 307 F.2d 413, 414 (10th Cir. 1962)("The rule is well established that a corporation can appear in a court of record only by an attorney at law.").  There are several policy reasons that promote adherence to this legal principle.  First, it is thought that the rule protects the court and the public from ineptitude and delay at the hands of persons who are unskilled as well as unlicenced in the practice of law.  See Nat'l Indep. Theater Exhibitors, Inc. v. Buena Vista Distrib. Co., 748 F.2d 602, 609 (11th Cir. 1984).  Second, courts strive to preserve the corporation as a legal entity separate from its shareholders.  See In re K.M.A., Inc. v. Gen. Motors Acceptance Corp., 652 F.2d 398, 399 (5th Cir. 1981).

The Tenth Circuit has imposed various consequences for the violation of this principle.  In Flora Constr. Co. v. Fireman's Fund, 307 F.2d 413 (10th Cir. 1962), the Tenth Circuit treated a motion for a more definite statement, filed on behalf of a corporation by a corporation's president, as a petition for writ of mandamus to compel the Tenth Circuit to permit the corporation to appear by its president.  See id. at 413.  The district court's decision that the plaintiff corporation could not appear pro se, by its president who was not an attorney, was not an appealable final decision, and the Tenth Circuit dismissed the plaintiff corporation's attempted appeal for failure to comply with the applicable rules.  See id.  In DeVillers v. Atlas Corporation, 360 F.2d 292 (10th Cir. 1966), Deviller appeared pro se, and also attempted to represent Orco, a corporation which he owned and controlled and of which he was the chief officer.  See id. at 294.  The Tenth Circuit repeated its holding in Flora Construction Co. v. Fireman's Fund,  noting that it would nevertheless proceed on

the merits and determine the rights of both DeVillers and Orco, because DeVillers' status as a lawyer or nonlawyer was unknown.  See DeVillers v. Atlas, Corp., 360 F.2d at 294.

On several occasions, the United States Court of Appeals for the Ninth Circuit has held that default judgment is proper when a party corporation fails to be represented by an attorney in federal court.  See Employee Painters' Trust v. Ethan Enterprises, Inc., 480 F.3d 993, 998 (9th Cir.2007); United States v. High Country Broad. Co., Inc., 3 F.3d 1244, 1245 (9th Cir. 1993).  In United States v. High Country Broad. Company, Inc., the Ninth Circuit held that entry of a default judgment was proper when a corporation defendant failed to act in accordance with the court order to retain counsel.  See id. at 1244.  An attorney appeared for High Country Corporation for the limited purposes of filing an answer and a cross complaint.  See id.  For the remainder of the suit, the corporation's president, who was not a licensed attorney, attempted to represent the corporation in the lawsuit.  See id.  The district court ordered the corporation to retain counsel for the remainder of the litigation and then entered a default judgment when the corporation failed to comply.  See id. Similarly, in Employee Painters' Trust v. Ethan Enterprises, Inc., the Ninth Circuit held that default was a permissible sanction for failure of the defendant corporation to comply with the local rule requiring it to retain representation by counsel in federal court after it had received actual notice of the rule at the time its attorney withdrew. See 480 F.3d  at 998.

## DEFAULT JUDGMENT AS A SANCTION

The Federal Rules of Civil Procedure authorize default judgments against parties who fail to comply with court orders, or fail to attend depositions and serve answers to interrogatories. See Fed.R.Civ.P. 37(b)(2), (d). "Default judgment is a harsh sanction that will apply only if the failure to comply with court orders is the result of  'willfulness, bad faith, or [some] fault of petitioner'

rather than inability to comply." <u>Held v. Shelter Sys. Group Corp.</u>, 16 F.3d 416, *2 (Table)(10th Cir. 1994)(citing <u>M.E.N. Co. v. Control Fluidics, Inc.</u>, 834 F.2d 869, 872 (10th Cir.1987) (quoting <u>Nat'l Hockey League v. Metro. Hockey Club, Inc.</u>, 427 U.S. 639, 640 (1976)). The Tenth Circuit has defined a willful failure as "any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown." <u>In re Standard Metals Corp.</u>, 817 F.2d 625, 628-29 (10th Cir.1987) (quoting <u>Patterson v. C.I.T. Corp.</u>, 352 F.2d 333, 336 (10th Cir.1965)).

"In addition, default judgment is appropriate only where lesser sanctions have been considered and found inappropriate." <u>In re Rains</u>, 946 F.2d 731, 733-34 (10th Cir. 1991). <u>See Meade v. Grubbs</u>, 841 F.2d 1512, 1520 (10th Cir.1988)(internal citations omitted).  It is also necessary for a district court to ensure that default judgment is a "just" sanction for the offending party's misconduct. <u>EBI Sec. Corp., Inc. v. Net Command Tech, Inc.</u>, 85 Fed.Appx. 105, 108 (10th Cir. 2003)(discussing judgment as a sanction for discovery violations)(citing <u>Ehrenhaus v. Reynolds</u>, 965 F.2d 916, 920-21 (10th Cir.1992)).  The Tenth Circuit has laid out some factors that a court should typically consider, on the record, to determine if default judgment is a proper sanction.  <u>See EBI Sec. Corp., Inc. v. Net Command Tech, Inc.</u>, 85 Fed.Appx. at 108 (discussing default judgment as a sanction for a discovery violation). In addition to considering the culpability of the offending party, the district court should also consider a number of other factors on the record, including "(1) the degree of actual prejudice to the non-offending party; (2) the amount of interference with the judicial process caused by the offending party; (3) whether the court warned the offending party in advance that default judgment would be a likely sanction for noncompliance; and (4) the efficacy of lesser sanctions." <u>EBI Sec. Corp., Inc. v. Net Command Tech, Inc.</u>, 85 Fed.Appx. at 108 (citing <u>Ehrenhaus v. Reynolds</u>, 965 F.2d  at 921). "These factors do not constitute a rigid test; rather, they

represent criteria for the district court to consider" in selecting a sanction.  EBI Sec. Corp., Inc. v. Net Command Tech, Inc., 85 Fed.Appx. at 108 (citing Ehrenhaus v. Reynolds, 965 F.2d at 921.). "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is default judgment an appropriate sanction." EBI Sec. Corp., Inc. v. Net Command Tech., Inc., 85 Fed.Appx. at 108. Furthermore, the Tenth Circuit has stated that before sanctioning a respondent based on failure to respond to motions, the district courts must consider: "(1) the degree of actual prejudice to the defendant[s]; (2) the amount of interference with the judicial process; [and] (3) the culpability of the litigant." Murray v. Archambo, 132 F.3d 609, 611 (10th Cir. 1998)(quoting Hancock v. City of Okla. City, 857 F.2d 1394, 1396 (10th Cir. 1988)).

## RULE 55

"Entry of default precludes a trial on the merits."  Olcott v. Del. Flood Co., 327 F.3d 1115, 1119 n.3 (10th Cir. 2003).  Rule 55(b)(2) of the Federal Rules of Civil Procedure provides:

> If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary.

Fed. R. Civ. P. 55(b)(2).  "[A] court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation." H.B. Hunt v. Inter-Globe Energy, Inc., 770 F.2d 145, 148 (10th Cir. 1985)(citing Venable v. Haislip, 721 F.2d 297, 300 (10th Cir. 1983)).  If the damages sum is not certain or capable of easy computation, the court may hold whatever hearing or inquiry it deems necessary.  See Beck v. Atl. Contracting Co., Inc. 157 F.R.D. 61, 64 (D. Kan. 1994).  "Similarly, attorney's fees may not be awarded without a hearing to determine the amount."  H.B. Hunt v. Inter-Globe Energy, Inc., 770 F.2d at 148.

This Court discussed the right to a jury trial after entry of default in <u>Mitchell v. Board of County Commissioners</u>, CV 05-1155 (D.N.M. May 9, 2007)(Browning, J.).  "The Court notes that many cases have held "that the protection of Rule 38(d) is extended to the defendant after the entry of default, when Rule 55(b)(2) requires a determination of damages."  <u>Mitchell v. Bd. of County Comm'rs</u>, CV 05-1155, *20-21 (quoting <u>Kormes v. Weis, Voisin & Co., Inc.</u>, 61 F.R.D. 608, 610 (E.D. Pa. 1974)(ruling that the jury demand associated with the damages hearing could not be unilaterally withdrawn in a case where the defendant made an appearance)(citing <u>Bass v. Hoagland</u>, 172 F.2d 205 (5th Cir. 1949); <u>Cinque v. Langton</u>, 8 Fed. R.Serv. 55 b.224, case 1 (E.D.N.Y. 1944)). This Court held that rule 38(d)'s plain language requires that the party against whom default is entered must give his or her consent to allow the other party to withdraw a jury demand.  <u>See Mitchell v. Bd. of County Comm'rs</u>, CV 05-1155, *20-22.

## LAW REGARDING SANCTIONS FOR VIOLATING RULES

Federal courts possess inherent powers necessary "'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 43 (1991)(internal quotation omitted)(quoting <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630-31 (1962)). Among those inherent powers is "the ability to fashion an appropriate sanction." <u>Chambers v. NASCO, Inc.</u>, 501 U.S. at 44. <u>See Smith v. Nw. Fin. Acceptance, Inc.</u>, 129 F.3d 1408, 1419 (10th Cir. 1997)("A federal court possesses the authority to impose . . . sanctions [as part of] its inherent power to control and supervise its own proceedings.")(internal quotations omitted).  The district court has the inherent power to impose a variety of sanctions on litigants to regulate its docket and to promote efficiency.  <u>See Martinez v. Internal Revenue Serv.</u>, 744 F.2d at 73. The Tenth Circuit has stated that before sanctioning a respondent based on failure to respond to motions, the district

courts must consider: "(1) the degree of actual prejudice to the defendant[s]; (2) the amount of interference with the judicial process; [and] (3) the culpability of the litigant." Murray v. Archambo, 132 F.3d 609, 611 (10th Cir. 1998)(quoting Hancock v. City of Okla. City, 857 F.2d 1394, 1396 (10th Cir. 1988))(internal quotations omitted)(alteration in the original). See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). "Dismissal is the appropriate sanction only when these factors outweigh the judicial system's strong predisposition to resolve cases on their merits." Green v. Dorrell, 969 F.2d at 917.

## ANALYSIS

Roswell Radio, since its counsel of record withdrew on March 30, 2007, has been in violation of the Court's rules.  While the Court is cognizant that Roswell Radio does not have counsel, it cannot use its refusal to secure counsel as an excuse for not complying with the Court's rules.  After carefully considering all the possible sanctions, the Court concludes that default on liability is the appropriate remedy.

## I.   ROSWELL RADIO DOES NOT OPPOSE THE MOTION.

While the Court is sympathetic to Roswell Radio's financial situation, acknowledges the amount it has paid to its prior attorney, and prefers to decide liability on the merits, the Court is concerned that refusal to grant the relief that the EEOC requests neither is fair to the EEOC nor promotes any cognizable value.  There is nothing to indicate that requiring the EEOC to go through a jury trial on liability will make any difference.  To insist on a trial on liability will only reward Roswell Radio's refusal to comply with the rules and punish the EEOC with further expenses.

The Court could grant the EEOC's motion as unopposed.  Roswell Radio has not responded to the written motion, and under the local rules, Roswell Radio is deemed to have consented to the

motion.  By failing to file a written response to the EEOC's motion for default within the time prescribed for doing so, Roswell Radio has consented to granting the motion.  See D.N.M.LR-Civ 7.1(b).  Nevertheless, because of the unusual circumstances of this case, because of the drastic remedy of default judgment, and because of the Court's strong preference to resolve the case on the merits, the Court will carefully scrutinize the merits of the motion.

## II.   DUNN AND ROSWELL RADIO HAVE RECEIVED MULTIPLE AND SUFFICIENT NOTICE ABOUT THE CORPORATION'S NEED TO COMPLY WITH THE RULES.

Roswell Radio has known since at least March 30, 2007, that it must retain counsel and that, absent an entry of appearance by a new or substitute attorney, the Court may strike any filings it makes, enter a default judgment, or impose other sanctions.  See Second Amended Motion to Withdraw ¶ 4, at 2.  Noting the importance of complying with the local rules regarding attorney withdrawal, the Court's Courtroom Deputy, on two occasions, told Roswell Radio's attorney that, to comply with D.N.M.LR-Civ 83.8(c), the attorney was required to give notice to the corporation that it cannot appear without an attorney, and to specifically inform the corporation of the possible consequences of default judgment or sanctions if Roswell Radio did not comply.  On March 30, 2007, the Court granted the Second Amended  Motion to Withdraw that Roswell Radio's counsel filed, finding that Roswell Radio had been given the notice that it can appear only with an attorney and that, absent an entry of appearance by a new or substitute attorney, any filings made by Roswell Radio may be stricken and default judgment or other sanctions may be imposed.  See Doc. 44. Complete compliance with D.N.M.LR-Civ 83.8(c) occurred with the Second Amended Motion to Withdraw. See Doc. 44.

Furthermore, on June 21, 2007, at the court-set pretrial conference, no one -- including Dunn

-- appeared for Roswell Radio.  The Court called Dunn, where, without counsel,  he appeared by telephone on behalf of Roswell Radio at the conference.  <u>See</u> Tr. at 2:2-7 (taken June 21, 2007)(Dunn & Court); Clerk's Minutes, filed June 22, 2007 (Doc.52); Minute Order, filed June 22, 2007 (Doc. 53).  At that hearing, the Court again informed Dunn of the rule prohibiting corporations from appearing pro se and instructed Dunn that Roswell Radio must retain counsel.  <u>See</u> Tr. at 2:15-25, 3:1-8 (taken June 21, 2007)(Court); Clerk's Minutes (Doc.52); Minute Order (Doc. 53).  The Court postponed the pretrial conference until September 18, 2007.  <u>See</u> Tr. at 12:20-22 (Court).  The EEOC stated that it was prepared to move forward with the pre-trial conference but that  Roswell Radio had failed to submit its portion of the pre-trial order to the Court and had failed to retain counsel. <u>See</u> Tr. at 6:15-23 (Court & Molina).  The EEOC, therefore, indicated to the Court that it would prefer to conduct the pre-trial conference closer to trial so as to give Roswell Radio yet another chance to comply with the Court's rules and requests.  <u>See</u> Tr. at 12:7-14 (Molina). On a third occasion, on September 14, 2007, at the hearing on this motion, the Court informed Dunn that Roswell Radio could not proceed pro se.  <u>See</u> Tr. at 2:22-25, 3:1-8 (Court).  Dunn indicated to the Court that he had not retained counsel and that he had no intention of retaining counsel, because he was financially unable to do so. <u>See</u> Tr. at 6:19-21 (Dunn).  Dunn informed the Court, "I can't afford to represent myself to do anything for the motion so I guess your rules will have to go.  I give up." <u>Id.</u>  He also indicated that he had spent a considerable amount of money for prior counsel.  <u>See</u> Tr. at 3:18-22 (Dunn). It is thus undisputed that Dunn has received adequate notice of the need for Roswell Radio to be in compliance with the Court's rules and of the possible sanctions for failure to comply.  <u>See</u> Second Amended Motion to Withdraw (Doc. 44); Tr. at 2:22-25, 3:1-8 (Court); Clerk's Minutes (Doc. 52)**.**

III.    ROSWELL RADIO HAS VIOLATED THE LOCAL RULES AND LONG-STANDING FEDERAL COURT PRINCIPLES THAT REQUIRE A CORPORATION TO BE REPRESENTED BY COUNSEL, AND SOME SANCTION IS APPROPRIATE.

Even if there were no consent, there is no question that Dunn has violated both D.N.M.LR-Civ 83.7 and 83.8, as well as a long-standing legal principle requiring corporations to be represented by counsel in federal court.  See Harrison v. Wahatoyas, LLC, 253 F.3d at 556 ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se."); DeVillers v. Atlas Corp., 360 F.2d at 294 ("A corporation can appear in a court of record only by an attorney at law."); Flora Constr. Co. v. Fireman's Fund Ins. Co., 307 F.2d at 414 (10th Cir. 1962)("The rule is well established that a corporation can appear in a court of record only by an attorney at law.").  While the Court is reluctant to further impair Dunn and Roswell Radio, as Dunn has already indicated his inability to finance the assistance of counsel,  the Court believes that some form of sanction must be imposed to enforce the local rules and uphold the law.  It is unfair to the EEOC for the Court to allow Roswell Radio to continue to intentionally disregard the rules with impunity.  Dunn has indicated repeatedly that he and Roswell Radio do not intend to comply with the rules because of financial reasons. See Tr. at 6:19-21 (Dunn).  Thus, the Court must take action to regulate the docket and to promote efficiency within the legal system, or else its rules and legal principles mean nothing.

IV.    THE COURT HAS THE POWER TO ENTER A DEFAULT JUDGMENT.

The Court has among its inherent powers "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." Chambers v. NASCO, Inc., 501 U.S. at 44.  See Smith v. Nw. Fin. Acceptance, Inc., 129 F.3d at  1419.  The Tenth Circuit has provided several examples of possible sanctions in a situation where a corporation party has attempted to appear pro se.  See

-19-

Roscoe v. United States, 2005 WL 995733, *2; Flora Constr. Co. v. Fireman's Fund, 307 F.2d at

413; DeVillers v. Atlas Corp., 360 F.2d at 294.  All of these situations, however, differ from what

the Court has before it in this case.

      Unlike Flora Constr. Co. v. Fireman's Fund, Dunn is not attempting to file documents with

the Court that can be interpreted as a petition for writ of mandamus to compel the district court to

permit it to appear by a person who is not an attorney at law.  Rather, Dunn has not personally filed

anything with the Court on behalf of Roswell Radio. Roswell Radio is doing nothing: Dunn does

not show up for hearings, respond to the EEOC's telephone calls, or file any written responses to

the EEOC's motions.

      Dunn's situation is also distinguishable from that in Roscoe v. United States, because Dunn

is not denying that he had notice of his need to comply with the rule.  Furthermore, the issuance of

sanctions, as was done in Roscoe v. United States,  would not be beneficial in Dunn's situation.

Dunn has already expressed to the Court that his financial situation makes him unable to comply

with the rules.  See Tr. at 6:19-21 (Dunn).  A monetary sanction, therefore, would impose only

further hardship on Dunn, and there is no assurance that Roswell Radio would comply with a court

order to pay money.  Eventually, the Court would likely be confronted again with the EEOC's

request to bring this matter to a resolution with a default judgment.  In contrast, a non-monetary

sanction would not alter Dunn's inability to comply with the rules; by leaving Dunn and Roswell

Radio with its money, they may yet retain an attorney and comply with the Court's rules.

      Moreover, there is no question about Dunn's status as a non-attorney.  See Tr. at 3:11-17

(taken Sept. 18, 2007)(Court & Dunn).  Thus the Court does not have the option the Tenth Circuit

did in DeVillers v. Atlas Corp. to proceed on the merits on account of its uncertainty in that respect.

See 360 F.2d 292, 294 (10th Cir. 1966).

Dunn's situation most closely parallels those in  the Ninth Circuit's cases of United States v. High Country Broad. Company, Inc. and Employee Painters' Trust v. Ethan Enterprises, Inc., where the Ninth Circuit held that default judgment was proper when a corporate defendant failed to act in accordance with a court order to retain counsel. Dunn was given notice of the need for compliance, he failed to comply, and Roswell Radio, through Dunn, continues to state that it is unable to retain an attorney. See Tr. at 6:19-21 (Dunn).

Thus, while the Court has the power to enter default against Roswell Radio, the more difficult question is whether a default judgment is the appropriate remedy for the problem here. The Court will consider all of the factors that the Tenth Circuit has set forth in EBI Securities Corporation, Inc. v. Net Command Technology, Inc. and in Murray v. Archambo in determining whether default judgment is appropriate.  After careful consideration of these factors, the Court concludes that a default judgment on liability against Roswell Radio is the most appropriate remedy under the facts and circumstances of this case.

**V.     THE COURT HAS CONCLUDED THAT A DEFAULT JUDGMENT ON LIABILITY IS THE MOST APPROPRIATE SANCTION FOR ROSWELL RADIO'S CONTINUING REFUSAL TO RETAIN COUNSEL.**

While the Court is hesitant to grant a default judgment on any aspect of the case, and strongly prefers to resolve issues on the merits, the Court does not see what is to be gained by having the EEOC present its liability case at a jury trial in this matter.  Roswell Radio has made it clear that it will not retain counsel or defend against the EEOC's claims.  It is very likely that the result will be the same whether the Court enters default now, or puts the EEOC to the expense and trouble of putting on its case for liability during a jury trial.

A.      **ROSWELL RADIO IS CULPABLE BECAUSE ITS VIOLATION IS
         KNOWING AND INTENTIONAL.**

While Dunn may be financially unable to comply with the rules, he is knowingly and

purposefully violating the law and the local rules.  Dunn, on behalf of Roswell Radio, is personally

making the decision to proceed in the litigation without the assistance of counsel.  Although he has

expressed the desire to have an attorney, he has also stated that he has made the decision to continue

without the assistance of counsel. See Tr. at 6:19-21 (Dunn).  The Court acknowledges that Roswell

Radio's actions may -- at some level -- be considered to be a financial inability to comply rather than

culpable conduct.  In reality, however, Roswell Radio is simply making a business decision about

where to spend its operation dollars.  It has decided to pay its employees, sell advertising, employ

an accountant, and keep four stations on the air rather than have a lawyer.  See Tr. at 3:23-25, 4:1-6,

4:9-13 (taken Sept. 18, 2007)(Dunn).  Moreover, the Court, places responsibility and fault on Roswell

Radio for failure to cooperate on any level.  Roswell Radio has not only failed to comply with the

Court's order to retain counsel, but has also failed to show up for hearings, to respond to the EEOC's

telephone calls, or to file any written responses to the EEOC's motions. Thus, Dunn, the president

and CEO of Roswell Radio, acting on behalf of Roswell Radio,  is at fault for not retaining counsel

to represent Roswell Radio.

Moreover, even if Roswell Radio's behavior can be characterized as an inability to comply,

a lesser sanction would not be beneficial to anyone in the situation: A monetary sanction would

impose only further hardship on Roswell Radio, while a non-monetary sanction would not alter

Roswell Radio's ability to comply with the rules.  Furthermore, a trial on liability would likely make

no difference in this case, because without an attorney, Roswell Radio will not be able to put on any

defense or evidence.  A default judgment, therefore, is the most appropriate sanction.

### B.   THE EEOC HAS BEEN PREJUDICED BY ROSWELL RADIO'S FAILURE TO COMPLY WITH COURT ORDERS.

Roswell Radio has failed to comply with the Court's orders since March 30, 2007, when its attorney filed a Second Amended Motion to Withdraw and therein gave notice to the corporation that it could not appear in federal court without assistance of counsel. See Doc. 44.  Roswell Radio has therefore been aware for some time that it must retain counsel, and that, absent an entry of appearance by a new or substitute attorney, any filings made by the Defendant may be stricken and default judgment or other sanctions may be imposed.  See id.

Since March 30, 2007,  this case has not been efficiently litigated on account of Roswell Radio's failure to retain an attorney.  On May 4, 2007 the Court ordered both parties to prepare and submit to the Court a pretrial order.  See Minute Order (Doc. 45).  At subsequent hearings and pretrial conferences on June 21, 2007, on September 14, 2007 and on September 18, 2007, Roswell Radio continually failed to comply with the Court's orders to retain an attorney, therefore failing to properly appear or file any documents with the Court.  See Tr. at 2:5-7, 2:15-25, 3:1-8 (taken June 21, 2007)(Dunn & Court);Tr. at 2:22-25, 3:1-16, 3:9-16 (taken Sept. 14, 2007)(Court & Dunn); Tr. at 2:4-9, 2:14-24, 3:11-17 (taken Sept. 18, 2007)(Court & Dunn). At each of these hearings, the EEOC appeared through counsel and indicated to the Court that they were ready to proceed.  Roswell Radio's failure to comply with this Court's orders has exacerbated the duration of this case and has caused the EEOC to expend more money, time, and effort in this litigation than would be necessary had Roswell Radio complied with court orders and local rules.

The EEOC will be prejudiced even further by Roswell Radio's actions if they are required to spend time and money to present their case on liability during the jury trial.  Roswell Radio's actions have essentially stalled this case since March 30, 2007, prejudicing the EEOC and charging

party, Bertrand, by denying them an efficient resolution of their case in federal court.  Roswell

Radio's noncompliance with the rules is prejudicial to the EEOC and Bertrand, and should not go

unpunished.

In contrast, and perhaps different from most other default cases, a default judgment will not

significantly prejudice Roswell Radio.  While Roswell Radio's violation is keeping the case from

being efficiently resolved and is prejudicing the EEOC, a default judgment is not likely to prejudice

Roswell Radio in the long run.  It is true that the entry of default will prejudice Roswell Radio, in that

it will preclude it from receiving a trial on the merits; if the Court enters a default judgment on

liability, Roswell Radio will receive a trial only on damages. Because Roswell Radio is unable to

retain counsel, however, even if default was not entered, Roswell Radio would not be able to put on

a defense at trial.  Allowing a trial to go forward on the merits, therefore, would merely waste the

EEOC's financial resources by making it put on its case for liability without any commensurate

benefit to Roswell Radio.  A trial on liability would likely make no difference in this case, because

without an attorney, Roswell Radio will not be able to put on any defense or evidence.  Furthermore,

requiring the EEOC to put on its case for liability would not be in the best interest of time for the

Court or for any of the parties involved.  Unlike many cases, where entry of default is severely

prejudicial to the defendant, here, there is little prejudice to the defendant from entry of default and

considerable prejudice to the EEOC and to the judicial system in not granting the requested relief.

C.    **ROSWELL RADIO'S REFUSAL TO RETAIN COUNSEL IS INTERFERING WITH THE FEDERAL JUDICIAL PROCESS AND THE EFFICIENT RESOLUTION OF THE CASE.**

Roswell Radio has been aware of its need to retain substitute counsel since March 30, 2007.

See Second Amended Motion to Withdraw (Doc. 44).  Since that date, Roswell Radio has failed to

-24-

retain counsel, and thus has not filed anything with the Court nor properly appeared for any of the Court-set hearings or pre-trial conferences. The Court has informed Roswell Radio, on multiple occasions, that it must retain an attorney to proceed with the litigation. See Tr. at 2:15-25, 3:1-8 (taken June 21, 2007)(Court); Tr. at 2:22-25, 3:1-8 (taken Sept. 14, 2007)(Court). Roswell Radio has continually refused to comply and has indicated that it does not intend to comply in the future. See Tr. at 2:5-7, 3:7-21 (taken June 21, 2007)(Dunn); Tr. at 3:9-16, 3:11-16 (taken Sept. 14, 2007)(Dunn). As a result, this litigation has essentially been stalled for approximately six months, waiting for Roswell Radio to come into compliance with court orders. Roswell Radio's noncompliance is interfering with the federal judicial process and, ultimately, the efficient resolution of this case.

### D.     THE COURT HAS ADEQUATELY WARNED ROSWELL RADIO.

It is also undisputed that the Court warned Dunn and Roswell Radio, on multiple occasions, that default was a possible sanction of noncompliance. See Second Amended Motion to Withdraw ¶ 4, at 1; Tr. at 2:15-25, 3:1-8 (taken June 21, 2007)(Court); Tr. at 2:22-25, 3:1-8 (taken Sept. 14, 2007)(Court). Also, Dunn has repeatedly represented that Roswell Radio will not retain counsel. See Tr. at 3:9-15 (taken June 21, 2007)(Dunn); Tr. at 3:9-16 (taken Sept. 14, 2007)(Dunn). Thus, the Court needs to sanction Roswell Radio now, not continue to hope that Roswell Radio will comply.

### E.     A LESSER SANCTION WILL HARM ROSWELL RADIO AND NOT PROTECT THE EEOC.

Finally, a lesser sanction would not be beneficial in Roswell Radio's situation. A monetary sanction would impose only further hardship on Dunn, while a non-monetary sanction would not alter Dunn's inability to comply with the rules. In weighing these factors, therefore, the Court finds that the factors outweigh its strong disposition to resolve all aspects of this case on the merits.

The Court understands that Dunn and Roswell Radio are in a difficult situation in which Roswell Radio's financial situation makes it difficult for the corporation to comply with the Court's rules. A company that is not able to afford an attorney, however, does not have a constitutional right to allow its directors to represent it pro se.  See Tal v. Hogan, 453 F.3d 1244, 1255 (10th Cir. 2006). Retaining an attorney in federal court is one of the costs of doing business in the United States. Furthermore, the Court is unable to provide Dunn and Roswell Radio with guidance regarding the retention of an attorney free of charge, because, unlike criminal defendants, the entitlement to representation by counsel at no charge does not exist for civil litigants.  See id.  While the Court has been patient with Dunn, and willing to afford Roswell Radio numerous chances for compliance, it has run out of appropriate solutions that would be beneficial to the parties involved.  The Court, however, continues to express its reluctancy in granting default judgments and notes that it is willing to consider setting aside default judgment if Roswell Radio retains a lawyer at anytime before the trial.  See Tr. at 8:15-25 (Court).  The Court has denied the EEOC's request to put a deadline on Roswell Radio to retain an attorney and is willing to reconsider its decision to grant default at any time Roswell Radio retains an attorney prior to trial.  See id.

Because Roswell Radio, by failing to respond to the motion for default, has consented to the motion, and because Roswell Radio has failed to appear with counsel on numerous occasions, resulting in an interference with the judicial process and prejudice to both the EEOC and Charging Party Bertrand, default in this case is appropriate.  See EBI Sec. Corp., Inc. v. Hamouth, 219 F.R.D. 642, 647 (D. Colo. 2004).

**IT IS ORDERED** that the Plaintiff Equal Employment Opportunity Commission's Motion for Default is granted.  The Court will enter judgment against the Defendant on liability.  The Court

will enter default judgment in the amount that the jury awards and/or the Court deems appropriate,

if any, after hearing evidence on damages.

_____
UNITED STATES DISTRICT JUDGE

Counsel and parties:

Mary Jo O'Neill
    Regional Attorney
Sally C. Shanley
    Supervisory Trial Attorney
    Equal Employment Opportunity
        Commission
Phoenix District Office
Phoenix, Arizona

– and –

Loretta Medina
    Senior Trial Attorney
Veronica A. Molina
    Trial Attorney
    Equal Employment Opportunity
        Commission
Albuquerque Area Office
Albuquerque, New Mexico

        *Attorneys for the Plaintiff*

Roswell Radio, Incorporated
c/o John Dunn
Roswell, New Mexico

        *Defendant*